IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                      Criminal Action No. 5:06CR2
                                                     (STAMP)

RANDY LEE BOSO,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**DENYING DEFENDANT'S MOTION PURSUANT TO**
**RULE 60(b)(6) TO CORRECT SENTENCE**

I. Background

On February 28, 2006, this Court accepted the defendant's plea of guilty to Count Four of an indictment charging him with maintaining a drug involved premises in violation of 21 U.S.C. § 856(a)(1). On April 25, 2006, this Court sentenced the defendant to twenty-four months imprisonment followed by three years of supervised release. After being released from his original term of imprisonment, the defendant was placed on supervised release on November 14, 2007. As a result of the defendant's several positive drug tests, on September 24, 2009, the probation officer filed a petition requesting that the defendant's term of supervision be revoked.[1]

---

[1] The defendant violated the conditions of supervised release on three separate occasions: (1) on December 20, 2007, the defendant tested positive for cocaine and admitted to the use of cocaine; (2) on April 2, 2009, the defendant tested positive for cocaine; and (3) on September 17, 2009, the defendant tested positive for cocaine. (Revocation of Supervised Release Hr'g Tr. 9, Oct. 20, 2009.)

During his hearing on October 20, 2009 regarding the revocation of supervised release, the defendant admitted the violations set forth in the petition. (Revocation of Supervised Release Hr'g Tr. 5, Oct. 20, 2009.) As a result, the Court modified the terms of supervised release and ordered the defendant to be placed in community confinement at Bannum Place in Wheeling, West Virginia until January 31, 2010.

Due to the defendant's failure to abide by the terms and regulations of Bannum Place, the United States filed a motion on January 4, 2010 to resume the supervised release hearing and for the issuance of an arrest warrant.[2] This Court resumed proceedings on January 8, 2010. At the conclusion of the evidence, this Court revoked supervised release and sentenced the defendant to twelve months imprisonment with no further supervised release to follow. (Revocation of Supervised Release Hr'g Tr. 63, Jan. 8, 2010.)

On January 8, 2010, the Court issued its judgment order and on January 19, 2010, the Court filed a letter received from the defendant as a notice of appeal. The matter remains pending before the United States Court of Appeals for the Fourth Circuit.[3]

---

[2]The defendant's violations of the rules and regulations of Bannum Place were described by Lynette Banks at the hearing on January 8, 2010. (Revocation of Supervised Release Hr'g Tr. 23-29, Jan. 8, 2010.)

[3]Appellate Case No. 10-4088.

On September 27, 2010, the pro se[4] defendant filed a motion pursuant to Rule 60(b)(6) to correct sentence. According to the defendant, he was sentenced using the incorrect United States Sentencing Guidelines ("Guidelines"). As a result, the defendant claims that he is entitled to be re-sentenced.

The United States filed a response to the defendant's motion on September 29, 2010. In support of its response, the government argues: (1) the district court has broad discretion to revoke supervised release and impose a term of imprisonment up to the statutory maximum; (2) the defendant's sentence of twelve months with no supervision to follow was clearly within the advisory range of the Guidelines and was reasonable; and (3) the defendant is unable, as a matter of law, to establish any basis for relief under Rule 60(b).

## II. Applicable Law

Federal Rule of Civil Procedure 60(b) provides that a court may, upon motion or upon such terms as are just, relieve a party from a final judgment, order, or proceeding for one of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been

---

[4] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

3

> satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Subsection (6) of Rule 60(b) is a "catch-all" provision which permits relief for "any other reason that justifies relief." A Rule 60(b)(6) motion must be based upon some reason other than those stated in subsections (1)-(5) of Rule 60(b). 12-60 Moore's Federal Practice -- Civil § 60.48. Additionally, a Rule 60(b)(6) motion may not be granted absent "extraordinary circumstances." See Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863-64 (1988).

A Rule 60(b) motion may also be construed as a motion for reconsideration. "[T]he purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence . . . . Where evidence is not newly discovered, a party may not submit that evidence in support of a motion for reconsideration." Harsco Corp. v. Zlotnicki, 779 F.2d 907, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986). Moreover, a motion for reconsideration should not be used to reiterate arguments previously made or as a vehicle to present authorities available at the time of the first decision -- a party should not file such a motion "to ask the Court to rethink what the Court had already thought through -- rightly or wrongly." Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983). Rather, "a motion to reconsider is appropriate

where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of due diligence." Prudential Securities, Inc. v. LaPlant, 151 F.R.D. 678, 679 (D. Kan. 1993).

III. Discussion

The defendant claims that the Court should re-sentence him because the Court applied the "wrong set of advisory guidelines." (Def.'s Mot. Pursuant to Rule 60(b)(6) to Correct Sentence 3.) According to the defendant, the most serious grade of offense should have been a Grade C, resulting in a range of five to eleven months under U.S.S.G. § 7B1.4.

This Court reviews whether or not sentences imposed upon revocation of supervised release are within the prescribed statutory range and are not "plainly unreasonable." United States v. Crudup, 461 F.3d 433, 439 (4th Cir. 2006). Revocation sentences are governed by non-binding policy statements in the Sentencing Guidelines Manual. U.S. Sentencing Guidelines Manual § 7(A)(1). Though a district court must consider the Chapter Seven policy statements and other statutory provisions applicable to revocation sentences, the court has broad discretion to impose a particular sentence. Crudup, 461 F.3d at 438; see United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007). A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still "must provide a

5

statement of reasons for the sentence imposed." Moulden, 478 F.3d at 657.

In this case, this Court properly determined under Chapter Seven of the Guidelines that the defendant's more serious violation was a Grade B violation, which, based upon the defendant's criminal history Category III, resulted in an advisory sentence of between eight and fourteen months under U.S.S.G. § 7B1.4. (Revocation of Supervised Release Hr'g Tr. 9, Oct. 20, 2009.) Although the defendant contends that his most serious violation was a Grade C, his supervised release was revoked based upon his admission that he tested positive for cocaine.[5] Because his possession of a controlled substances subjected him to a term of imprisonment exceeding one year, the defendant's conduct resulted in a Grade B violation. See U.S.S.G. § 7B1.1(a)(2); United States v. Jemerson, 132 F. App'x 488, 489-90 (4th Cir. 2005). For these reasons, the Court properly found that the most serious violation in this case was a Grade B violation. Thus, a sentence of twelve months with no supervision to follow was clearly reasonable as it was within the advisory range of the Guidelines. As the record reflects, this Court took into consideration the policy statements as well as the sentencing objectives under 18 U.S.C. § 3553(a) when imposing the sentence in this case. (Revocation of Supervised Release Hr'g Tr. 9; 63, Oct. 20, 2009; Jan. 8, 2010.) Thus, the defendant is

---

[5]Voluntary and knowing ingestion of a controlled substance constitutes possession of that substance. United States v. Clark, 30 F.3d 23, 25 (4th Cir. 1994).

unable, as a matter of law, to establish any basis for relief under Rule 60(b).

IV. Conclusion

For the reasons stated above, the defendant's motion pursuant to Rule 60(b)(6) to correct sentence is hereby DENIED.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to the pro se defendant by certified mail and to counsel of record herein.

DATED:    October 18, 2010

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE